# Donald H. Vogelman
ATTORNEY AT LAW
275 MADISON AVENUE, SUITE 1000
NEW YORK, NY 10016
212-889-5860

FAX: 212-686-0252

OF COUNSEL:
ARTHUR S. FRIEDMAN
DANIEL W. PARISER
DANIEL S. PERLMAN

February 5, 2008

By ECF and Federal Express

Honorable Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: United States of America v. Alvin Notice
07 Cr 662-01 (GEC)

Dear Judge Lynch:

This sentencing memorandum is respectfully submitted on behalf of Alvin Notice who is scheduled to be sentenced on February 8, 2008.

*As a profession, and as a people, we should know what happens after the prisoner is taken away. To be sure the prisoner has violated the social contract; to be sure he must be punished to vindicate the law, to acknowledge the suffering of the victim, and to deter future crimes. Still, the prisoner is a person; still, he or she is part of the family of humankind.*

Justice Anthony Kennedy speaking before the ABA Annual Meeting, August 2003.

The past few years have brought prominent politicians, captains of industry, entertainers, and sports legends into the defendant's chair. Both the fabulously wealthy and the famous have stood, like their poor cousin the "common criminal," before a sentencing judge. Unlike their more unfortunate relations, however, this privileged class of wrongdoer possesses the wherewithal to produce hundreds, if not thousands, of letters of support from those similarly privileged and powerful, all attesting to the various good works performed by the defendant.

Page 2
February 5, 2008
Honorable Gerard E. Lynch
Alvin Notice

Alvin Notice does not travel in such rarified company. Most importantly, he has the love and full support of his family

The primary directive of Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;..

(3) the kinds of sentences available;..

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. §3553.

Alvin Notice comes from a broken home. His parents separated when he was eight years old. Mr. Notice has a close relationship with all of his family members, except unfortunately, his father. In fact, Mr. Notice does not know where his father presently resides. Alvin Notice feels that he, his siblings and his mother were abandoned when his father left his mother.

The other members of Mr. Notice's family have completely stood by him, since the time of his arrest. We are submitting with this sentencing memorandum numerous letters in support of Alvin Notice.

Page 3
February 5, 2008
Honorable Gerard E. Lynch
Alvin Notice

Mr. Notice's mother, Florence Notice, states that Alvin has expressed clear remorse for his actions. Mr. Notice has undergone great change since he has been incarcerated. It is important for him to build a relationship with his two year old son.

Michaela Robertson, Mr. Notice's significant other and the mother of his child also has written a letter in support of Mr. Notice. Ms. Robertson who is presently employed at Washington Mutual Bank has had a seven year relationship with Alvin Notice. Ms. Robertson states that since the time of his arrest Mr. Notice's character has changed significantly. Also, her family responsibilities have become more difficult because of Mr. Notice's arrest. In short, she needs Alvin Notice home as expeditiously as possibly to help raise their two year old son.

Sandra Robertson, the mother of Michaela Robertson also writes on behalf of Mr. Notice. Ms. Robinson states that she loves him as if he was her own son. She asserts that Alvin Notice is a good father to her grandson.

Mr. Notice has expressed remorse for his actions and is dedicated to making significantly changes in his life.

Alvin Notice's entire family has expressed to me that Mr. Notice has greatly changed and matured since his incarceration on May 26, 2007. Alvin Notice is 25 years old, has a young son and is ready to put his previous criminal behavior behind him. In fact, even though Mr. Notice has been convicted of numerous offenses for mostly petty criminal behavior, Mr. Notice has never served more than a one year jail term.

Alvin Notice is presently attending GED classes at the Metropolitan Correctional Center. He is determined to receive his High School Diploma.

Page 4
February 5, 2008
Honorable Gerard E. Lynch
Alvin Notice

### IN CONCLUSION

Alvin Notice has a loving and supportive family. He has a child, two years old who desperately needs the love and support of his father. He has expressed remorse, has matured greatly since his incarceration and is determined to live a law abiding life. A limited period of incarceration is sufficient but not greater than necessary to serve the ends of justice and to comply with the directives of 3553(a). We ask this Court to take all of these factors into consideration when sentencing Mr. Notice.

Respectfully yours,

Donald H. Vogelman

cc: AUSA David O'Neil, Esq.